50 F.3d 10
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Hubert and Kathy SCHROPSHIRE, et al., Plaintiffs-Appellees,
v.
Eric SMITH and Jeff Bothwell, Defendants-Appellants.
Hubert and Kathy SCHROPSHIRE, et al., Plaintiffs-Appellees,
v.
CITY OF ENGLEWOOD, Englewood City Council, and Mayor Edward
Kemper, Defendants-Appellants.
 Nos. 94-3098, 94-3101.
 United States Court of Appeals, Sixth Circuit.
 March 20, 1995.
 
 Before: JONES and MILBURN, Circuit Judges, and COHN, District Judge.*
 PER CURIAM.
 
 
 1
 Defendants City of Englewood, Englewood City Council, Mayor Edward Kemper, City Manager Eric Smith, and Englewood's Director of Economic and Community Development Jeff Bothwell, appeal the district court's denial of their motions for attorney fees under 42 U.S.C. Sec. 1988. Because the district court did not abuse its discretion in denying these motions, we affirm the decision of the district court.
 
 I.
 
 2
 On October 23, 1992, Plaintiffs, who are eighteen local residents of the area surrounding Defendant City of Englewood, filed the complaint in this action asking that the court issue a preliminary and permanent injunction restraining and enjoining Defendants from enforcing any ordinances, rules, regulations, or policies that would cause Plaintiffs to be denied their property rights. Trial commenced on September 20, 1993, and lasted four days. At the conclusion of Plaintiffs' case in chief, Defendants orally moved the court to dismiss the case. After two days consideration, the district court granted the motion to dismiss. Plaintiffs appeal of this decision was dismissed for want of prosecution on December 3, 1993.
 
 
 3
 On October 12 and 15, 1993, Defendants submitted motions for attorney fees. On October 27, 1993, Plaintiffs cross-filed a motion for attorney fees. On December 30, 1993, the district court taxed costs to Plaintiffs, but denied all motions for attorney fees. Defendants now appeal this determination to this court.
 
 
 4
 The underlying action stemmed from a controversy over the re-zoning of two parcels of land in Englewood, Ohio. In mid-May 1992, United Retail Group ("URG"), a corporation with headquarters in New Jersey, expressed an interest in locating a warehouse facility on some or all of five tracts of land in Englewood, including the two parcels at issue in this action. Englewood city officials were thrilled by this possibility, and attempted to work out a plan to suit URG, including some re-zoning. At the same time, however, certain local residents were upset to find that their country homes were adjacent to a proposed industrial site, and they voiced opposition at public meetings on the proposal in late May and mid-June. By June 18, 1992, after the local residents publicly campaigned against the proposed facility and threatened URG with litigation, URG had decided to locate its warehouse facility in Troy, Ohio. Nevertheless, Englewood City Council proceeded to re-zone two of the five tracts of land which had been under consideration in the URG proposal from commercial-4 to industrial-1. Plaintiffs then brought suit claiming that this re-zoning violated their constitutional rights.
 
 
 5
 In dismissing Plaintiffs' suit, the district court noted that the Plaintiffs' theories shifted significantly during the course of litigation, but the court viewed Plaintiffs' theories as four claims that the re-zoning (1) violated their Fourteenth Amendment due process rights, (2) violated their Fourteenth Amendment equal protection rights, (3) violated their Fourteenth Amendment rights because the Defendants were estopped from rezoning, and (4) was retaliatory in violation of their First Amendment rights.
 
 II.
 
 6
 Defendants argue that they are entitled to an award of attorney fees under 42 U.S.C. Sec. 1988.[1] On its face, section 1988 permits the district court to award attorney fees to whichever party prevails, but the Supreme Court has determined that prevailing defendants must meet a more stringent standard then prevailing plaintiffs to receive attorney fees under the section. See Hughes v. Rowe, 449 U.S. 5, 14-15 (1980) (applying standard set forth in Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422 (1978) to attorney fees sought under section 1988). A prevailing defendant should only recover attorney fees under section 1988 if the district court finds that " 'the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.' " Wayne v. Village of Sebring, 36 F.3d 517, 530 (6th Cir.1994) (quoting Hughes, 449 U.S. at 14). This court has also explained that "[a]n award of attorney's fees against a losing plaintiff in a civil rights action is an extreme sanction, and must be limited to truly egregious cases of misconduct." Jones v. Continental Corp., 789 F.2d 1225, 1232 (6th Cir.1986). This court reviews a district court's denial of a motion for attorney fees for an abuse of discretion. Wayne, 36 F.3d at 530.
 
 
 7
 In the instant case, we find that the district court did not abuse its discretion in denying Defendants' motion for attorney fees. We see no error in the district court's determination that it was reasonable for Plaintiffs to believe that they were the targets of retaliatory zoning. Our holding in Smith v. Smyth-Cramer Co., 754 F.2d 180 (6th Cir.), cert. denied, 473 U.S. 906 (1985), does not compel a different result. Defendants' narrow interpretation of Smith disregards its warnings that "[a]wards to prevailing defendants will depend on the factual circumstances of each case," and that "[a]s the Supreme Court emphasized in Hughes ... the mere fact that allegations prove legally insufficient to require a trial does not, for that reason alone, render a complaint groundless under Christiansburg." 754 F.2d at 183 (citation omitted).
 
 
 8
 Even though Plaintiffs were not able to prove their claims, and in fact, did not even pursue some of their claims, they did have a real grievance, and they did present evidence at trial in an effort to support their claims. Indeed a portion of the district court's conclusion in its decision dismissing the action is telling in this respect:
 
 
 9
 The events in this case have aroused strong emotions on all sides. Indeed, Mrs. Roesle's testimony about her fears of losing her investment in the home she and her husband have built with their own labor on Old Salem Road is some of the most poignant testimony the Court has ever heard. Plaintiffs strongly believe they have been injured....
 
 
 10
 J.A. at 80. Viewed as a whole, Plaintiffs' actions in pursuing this suit do not amount to a "truly egregious case[ ] of misconduct," see Jones, 789 F.2d at 1232, warranting the extreme sanction of the award of attorney fees to Defendants.
 
 
 11
 Defendants further argue that Defendants Smith and Bothwell should be awarded attorney fees "for being sued by the Plaintiffs in their individual capacities based on Plaintiffs' meritless claims against them." Defendants appear to argue that because the Plaintiffs failed to present any evidence that anything done by Smith and Bothwell violated clearly established rights, as would be necessary to show that Smith and Bothwell were not entitled to qualified immunity, that Defendants Smith and Bothwell are entitled to attorney fees. We disagree. Although a determination that Defendants Smith and Bothwell were entitled to qualified immunity might bar an attorney fees award against Defendants, see e.g., Hays County Guardian v. Supple, 969 F.2d 111, 125 (5th Cir.1992), cert. denied, 113 S.Ct. 1067 (1993), it does not follow that Plaintiffs' failure to prove that Defendants were not entitled to qualified immunity compels an award of attorney fees in Defendants' favor.
 
 
 12
 Moreover, this court has recently held that individual defendants, who won summary judgment on the basis of qualified immunity, were not entitled to attorney fees where Plaintiffs had also sued for injunctive relief, and the request for injunctive relief was not frivolous or groundless. Wayne, 36 F.3d at 530. In the instant case, the district court determined that Plaintiffs reasonably believed that they were the targets of retaliatory zoning, and they had some evidence of this retaliatory intent. Because we view this as an appropriate determination, the Plaintiffs' request for injunctive relief was not groundless, and under Wayne, Defendants Smith and Bothwell are not entitled to attorney fees for being sued in their individual capacities.
 
 III.
 
 13
 For the reasons state above, we affirm the decision of the district court.
 
 
 
 *
 The Honorable Avern Cohn, United States District Court Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 This section states, in relevant part, that
 [i]n any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of the title, ... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.
 42 U.S.C. Sec. 1988 (1988).